UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JON DUKE DEPRIEST,

    Plaintiff,

v.                                                  4:18cv107–WS/CAS

MARK S. INCH, Secretary,
Florida Department of Corrections,
et al.,

    Defendants.

_____

## ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (ECF No. 73) docketed on February 26, 2019. The magistrate judge recommends that Plaintiff's amended complaint be dismissed for failure to exhaust administrative remedies. Plaintiff has filed objections (ECF No. 80) to the report and recommendation.

The Secretary of the Florida Department of Corrections ("Secretary") filed a motion to dismiss Plaintiff's amended complaint, arguing—among other things—that Plaintiff failed to exhaust his administrative remedies prior to filing

suit. Pursuant to 42 U.S.C. § 1997e(a), "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted "such administrative remedies as are available." This exhaustion requirement is mandatory and may not be waived or excused. *Blake v. Ross*, 136 S. Ct. 1850, 1856 (2016); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The magistrate judge determined that Plaintiff's lawsuit was deemed filed on January 29, 2018, the day Plaintiff submitted his complaint to prison staff for mailing. Because Plaintiff had not then received a response to his formal grievance, or yet filed his grievance appeal, or received a response to his grievance appeal, the magistrate judge determined that Plaintiff filed his lawsuit prematurely and, accordingly, recommended dismissal of the case.

In his objections to the magistrate judge's report and recommendation, Plaintiff admits that he filed his civil rights complaint prior to exhausting his administrative remedies, thus violating § 1997e(a). Given such admission, dismissal of Plaintiff's complaint is mandatory and any discussion of other issues addressed in the report and recommendation is not warranted.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (ECF No. 73) is ADOPTED to the extent it addresses Plaintiff's failure to exhaust his

administrative remedies prior to filing suit.

2. The Secretary's motion to dismiss (ECF No. 53) for failure to exhaust administrative remedies *prior to filing suit* is GRANTED.

3. Plaintiff's amended complaint (ECF No. 9) and this action are DISMISSED without prejudice because Plaintiff admittedly filed suit without first exhausting his administrative remedies.

4. The clerk shall enter judgment stating: "All claims are DISMISSED without prejudice for failure to exhaust administrative remedies."

5. The clerk shall note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DONE AND ORDERED this   29th   day of   April  , 2019.


                                                s/ William Stafford
                                                WILLIAM STAFFORD
                                                SENIOR UNITED STATES DISTRICT JUDGE